| | |
|---|---|
| 1 | **SULAIMAN LAW GROUP, LTD.** |
| 2 | **Mohammed O. Badwan, Esq. (PHV Forthcoming)** |
|   | 2500 South Highland Avenue, Suite 200 |
| 3 | Lombard, Illinois 60148 |
|   | Telephone: (630) 575-8181 |
| 4 | Facsimile: (630) 575-8188 |
|   | mbadwan@sulaimanlaw.com |
| 5 | *Attorney for the Plaintiff* |

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Peter L. Hunt,<br><br>        Plaintiff,<br><br>v.<br><br>The Credit Company, LLC,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE CREDIT REPAIR ORGANIZATIONS ACT ("CROA") PURSUANT TO 15 U.S.C. § 1679 *ET SEQ.*;**<br>2. **VIOLATION OF THE ARIZONA CREDIT REPAIR ORGANIZATION ACT ("AZCROA") PURSUANT TO A.R.S. 44-107 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** PETER L. HUNT ("Plaintiff"), by and through the undersigned counsel, complaining as to the conduct of THE CREDIT COMPNAY, LLC ("Defendant") as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this seeking redress for violations of the Credit Repair Organizations Act ("CROA") pursuant to 15 U.S.C. § 1679 *et seq.*, and Arizona Credit Repair Organization Act ("AZCROA") pursuant to A.R.S. 44-107 *et seq*.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the CROA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the District of Arizona, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Arizona.

**PARTIES**

4. Plaintiff is a consumer over 18-years-of-age who, resides in the Casa Grande, Arizona.

5. Defendant is a credit repair organization that offers its customers the ability to eliminate and resolve debt issues through its services. Defendant is a limited liability company organized under the laws of the state of Florida that maintains its principal place of business at 2234 North Federal Hwy, PMB 2053, Boca Raton, Florida 33431.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. In September 2022, Plaintiff was interested in addressing specific credit reporting issues related to a prior bankruptcy, and so began searching for credit repair programs to assist him.

8. Shortly thereafter, Plaintiff happened upon Defendant through its representations that it would be able to remove negative or misleading accounts on consumers credit reports.

9. Plaintiff explained to Defendant that he had gone through a recent bankruptcy and was interested in removing all the negative information, resulting from the bankruptcy, from his credit report.

10. After discussing specific plans to address such accounts, Defendant promised Plaintiff that its services would be able to remove negative information that was reporting on his

credit reports in relation to his prior bankruptcy. Plaintiff then entered into a contract with Defendant for the provision of credit repair services.

11. In accordance with the terms of the agreement, Plaintiff proceeded to pay Defendant an initial signup fee of $149.99 and an additional $99.99 per month in exchange for Defendant's services of credit repair to remove negative or misleading material within Plaintiff's credit files.

12. Upon information and belief, Defendant knew that it would be unable to remove the identified accounts based on Plaintiff's bankruptcy because Defendant is under no obligation to do so as the identified accounts must remain on Plaintiff's credit reports in accordance with his bankruptcy plan.

13. Despite this reality, Plaintiff was informed that the accounts he discussed with Defendant were actively being disrupted in efforts to remove negative information that will improve Plaintiff's creditworthiness.

14. Defendant knowing it would be unable to assist Plaintiff in removing bankruptcy information represents the deceptive nature of Defendant's representations that it will work with its customers to resolve negative or misleading information on its credit reports.

15. Upon information and belief, Defendant induced Plaintiff into contracting with Defendant, despite knowing it would be unable to assist, in order to accumulate signup fees and monthly payments from Plaintiff.

16. Upon further information and belief, Defendant knowingly informs consumers that they can resolve their credit reporting issues, despite similarly knowing it would be unable to achieve those represented results, in particular considering the nature of the debts which were enrolled in its program.

17. Upon realizing the nature of Defendant's scheme and the full extent of their misrepresentations, Plaintiff advised Defendant that he would be cancelling his contract, and further began exploring his legal options to address to Defendant's conduct.

18. Frustrated, distressed, and concerned over Defendant's conduct, Plaintiff spoke with the undersigned counsel regarding his rights.

19. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary loss stemming from the payments made to Defendant for deficient credit repair services, as well as numerous violations of his state and federally protected interests to be free from deceptive and misleading conduct on the part of purported credit repair organizations.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

20. Plaintiff repeats and realleges paragraphs 1 through 19 as though fully set forth herein.

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

22. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

**a. Violations of CROA § 1679b(a)**

23. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from

4

"engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

24. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it could provide Plaintiff. Defendant advised that it would actively remove accounts from Plaintiff's credit report that were reporting after Plaintiff's prior bankruptcy.

25. Defendant further acted deceptively when it suggested to Plaintiff that his monthly payments were being used to remove identified accounts within Plaintiff's credit report.

**b.     Violations of CROA § 1679b(b)**

26. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

27. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Defendant's practice of charging a retainer for services upfront, before such services is performed, is inherently in violation of the CROA. Defendant similarly withheld sums for credit repair services it never actually performed.

**c.     Violation of CROA §1679c**

28. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement

5

between the credit repair organization and the consumer or any other written material provided to the consumer."

29. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

**WHEREFORE**, Plaintiff, PETER L. HUNT, respectfully requests that this Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

    c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

    e. Awarding any other relief as the Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ARIZONA CREDIT REPAIR ORGANIZATIONS ACT

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "buyer" as defined by A.R.S. 44-1701.

32. Defendant is a "credit services organization" as defined by A.R.S. 44-1701.

**a. Violations of A.R.S 44-1703**

33. Pursuant to A.R.S. 44-1703(1), provides that "A credit services organization shall not…charge or receive any monies or other valuable consideration before full and complete

6

performance of the services the credit services organization has agreed to perform for or on behalf of the buyer."

34. Defendant violated A.R.S. 44-1703(1) by accepting Plaintiff's monthly payments and failing to perform its represented services of removing specific accounts from Plaintiff's credit report. Additionally, Plaintiff believed that his monthly payments would go toward removing accounts from his credit report that were reporting because of his prior bankruptcy, however, Defendant knew its services would be unable to remove such items as such accounts were reporting in accordance with Plaintiff's bankruptcy plan.

35. Furthermore, Defendant's deceptive and misleading nature misrepresented its services to induce Plaintiff into signing up for Defendant's services despite Defendant knowing it would be unable to assist Plaintiff in services for removing bankruptcy accounts from his credit report.

36. Defendant violated A.R.S. 44-1703(3) provides that "A credit services organization shall not…make or counsel or advise a buyer to make any statement which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading to a consumer credit reporting agency."

37. Defendant violated A.R.S. 44-1703(3) by advising Plaintiff that its services would improve his creditworthiness through its credit repair program by removing negative information pertaining to Plaintiff's prior bankruptcy.

38. Defendant violated A.R.S 44-1703(4) provides that "A credit services organization shall not…make or use any untrue or misleading representations in the offer or sale of the services of a credit services organization or engage, directly or indirectly, in any act, practice or course of business intended to defraud or deceive a buyer in connection with the offer or sale of such services."

39. Defendant violated A.R.S. 44-1703(4) by using misleading statements in its initial meeting to discuss a plan to address Plaintiff's bankruptcy debt and creditworthiness. Defendant promised Plaintiff that its services would enroll specific debts and remove debts that were a reporting from Plaintiff's bankruptcy.

**WHEREFORE**, Plaintiff, PETER L. HUNT, respectfully requests that the Court enter judgment in his favor as follows:

    a.    Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b.    Awarding Plaintiff actual damages pursuant to A.R.S. 44-1701;

    c.    Awarding Plaintiff punitive damages pursuant to A.R.S. 44-1701;

    d.    Awarding Plaintiff's costs and reasonable attorney fees; and,

    e.    Awarding any other relief the Court deems just and appropriate.

Dated: January 31, 2023

Respectfully submitted,

*s/ Mohammed O. Badwan*
Mohammed O. Badwan, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 South Highland Ave.,
Suite 200
Lombard, Illinois 60148
(630) 575-8181 (phone)
(630) 575-8188 (fax)
mbadwan@sulaimanlaw.com